UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITO A. THOMAS,<br><br>                Petitioner,<br><br>        v.<br><br>JEFFREY BEARD,<br><br>                Respondent. | No. 2:14-cv-00758 TLN AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on the amended petition filed on April 8, 2014, ECF No. 13, which challenges petitioner's 2012 conviction for perjury. Respondent has answered, ECF No. 20, and petitioner has filed two replies and numerous related declarations, ECF Nos. 25, 27, 30-34. Most recently, petitioner has filed a "Motion to Vacate Convictions." ECF No. 35.

BACKGROUND

I.     Proceedings In the Trial Court[1]

Petitioner was charged in Tulare County Superior Court as follows: Count One, grand

---

[1] Because petitioner's conviction was not appealed, no Clerk's Transcript was produced. All facts regarding proceedings in the Superior Court are taken from the transcript of the January 12, 2012, plea and sentencing hearing. ECF No. 20 at 16-37 (Ex. A to Answer).

1

1  theft in violation of Cal. Penal Code § 487(a); Count Two, perjury in violation of Cal. Penal Code
2  § 118; Count Three, making a false statement under oath in violation of Cal. Penal Code § 129;
3  and Counts Four through Six, presenting false claims in violation of Cal. Penal Code § 72.  ECF
4  No. 20 at 17-18, 29.  The charges arose from a 2009 claim to the California Victim Compensation
5  and Government Claims Board for injuries and lost wages.  Id. at 19-20.

6  On January 12, 2012, pursuant to a plea agreement, petitioner entered a no contest plea to
7  a single charge of perjury (Count Two).  Per the agreement, all other charges were dismissed and
8  petitioner was sentenced the same day to a five year term of formal probation, to include 180 days
9  in county jail (with eligibility for electronic monitoring or participation in an offender services
10 program in lieu of jail) and restitution.  Id. at 18-19, 30-35.

11  II.  Post-Conviction Proceedings

12  Petitioner did not timely appeal.  On March 20, 2013, petitioner filed a pro se proposed
13  notice of appeal and motion for leave to file an untimely notice of appeal.  That motion was
14  denied by the California Court of Appeal, Third Appellate District, on March 28, 2013.  Lodged
15  Doc. 1.

16  On April 4, 2013, petitioner filed a petition for writ of habeas corpus in the California
17  Supreme Court.  The petition was summarily denied on May 15, 2013.  Lodged Doc. 2.

18  On May 30, 2012, petitioner filed another petition for writ of habeas corpus in the
19  California Supreme Court.  That petition was summarily denied on July 17, 2013.  Lodged Doc.
20  3. Petitioner then filed a petition for writ of certiorari in the U.S. Supreme Court, which was
21  denied on November 18, 2013.  A subsequent petition for rehearing was denied by the U.S.
22  Supreme Court on January 13, 2014.  Lodged Docs. 3, 4.

23  On January 16, 2014, petitioner filed a Request To File A Late Notice Of Appeal in the
24  Third District Court of Appeal.  The motion was denied on January 30, 2014.

25  On February 13, 2014, petitioner filed a petition for writ of habeas corpus in the Third
26  District Court of Appeal.  The petition was summarily denied on February 20, 2014.  Lodged
27  Doc. 6.

28  By operation of the prison mailbox rule, the initial federal petition was filed March 21,

2014.[2] ECF No. 1. The operative amended petition was docketed on April 9, 2014. ECF No. 13. Respondent answered on June 9, 2014. ECF No. 20.

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 131 S. Ct. 770, 785 (2011).[3]

## PETITIONER'S CLAIMS

The petition asserts the following grounds for relief: (1) petitioner's guilty plea was based on false information; (2) petitioner's arrest was invalid because based on false information; (3) the evidence gathered against petitioner was factually incorrect; and (4) petitioner's conviction was obtained by use of evidence obtained pursuant to an unlawful arrest.

## DISCUSSION

I.   The Claims Appear To Be Unexhausted

The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by

---

[2] See Houston v. Lack, 487 U.S. 266 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

[3] The law governing application of § 2254(d) requires no further explication here, because the court need not conduct the review contemplated by the statute. Petitioner's claims are foreclosed for the reasons explained below.

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal habeas court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Exhaustion is a matter of comity and does not affect this court's jurisdiction to entertain petitioner's habeas corpus application. See Harris v. Superior Court, 500 F.2d 1124, 1126-27 (9th Cir. 1974) (en banc).

Respondent asserts non-exhaustion as a defense, contending that petitioner's claims have not been fairly presented to the California Supreme Court. ECF No. 20 at 9-12. Having reviewed petitioner's state court pleadings, the undersigned is inclined to agree.[4] However, because the claims are barred on other grounds, the court need not undertake analysis of the exhaustion issue. See 28 U.S.C. § 2254(b)(2) (unexhausted claims may be denied on the merits).[5]

II.   Petitioner's Claims Are Barred By His No Contest Plea

Petitioner attacks his conviction as factually unsupported, and on grounds that he was unlawfully arrested and that the evidence against him was false. These claims, and any other claims challenging the factual basis for the conviction or events that occurred prior to entry of petitioner's plea, were forfeited by the plea.

"A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Under California law, a plea of nolo contendere has the same legal effect as a guilty plea for all purposes. Cal. Penal Code § 1016(3). Accordingly, petitioner's plea precludes him from raising independent claims that his rights were violated by conviction on insufficient proof or pursuant to pre-plea violations of his rights. See

---

[4] Neither of the two habeas petitions submitted to the California Supreme Court states as a ground for relief any of the matters identified as such in the federal petition. See Lodged Docs. 2, 3.

[5] Under these circumstances, requiring state court exhaustion does not serve the underlying purpose of comity. See Rose v. Lundy, 455 U.S. 509, 525 (1982) (Blackman, J., concurring); see also Clark v. Ricketts, 958 F.2d 851, 857 (9th Cir. 1991); Granberry v. Greer, 481 U.S. 129, 135 (1987). Accordingly, a stay pending further exhaustion need not be considered.

1  Mitchell v. Superior Court, 632 F.2d 767, 769 (9th Cir. 1980), cert. denied, 451 U.S. 940 (1981);

2  Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied, 474 U.S. 981 (1985).

Tollett does not apply where a plea was involuntary or was induced by the ineffective assistance of counsel. Mitchell v. Superior Court for County of Santa Clara, 632 F.2d 767, 770 (9th Cir. 1980), cert. denied, 451 U.S. 940 (1981). The petition here does not allege, however, or contain any facts suggesting, that petitioner's plea was involuntary or was the result of ineffective assistance of counsel. ECF No. 13. Petitioner's first-filed response to the answer, ECF No. 25, includes generic discussion of ineffective assistance of counsel principles, and citations to cases involving ineffective assistance. However, the petition itself is devoid of allegations regarding the performance of petitioner's lawyer in relation to the plea bargain.

In his self-styled "Motion to Vacate Convictions," ECF No. 35, filed just before issuance of these Findings and Recommendations, petitioner asserts for the first time that he received ineffective assistance in relation to his plea. This motion is addressed separately below. For present purposes, the court notes that the record of petitioner's plea hearing reflects a very favorable disposition of the case. In exchange for the plea of no contest to a single count of perjury, petitioner obtained the dismissal of five additional charges, and a probationary sentence that permitted his jail time to be served through an alternative sentencing program. It is difficult to image allegations that might state a prima facie case of ineffective assistance of counsel in light of this record. In any event, the petition includes no such allegations.

Petitioner's various state court pleadings do refer to medications that petitioner has taken at various times, and assert in very general terms that he did not understand what was happening in court. See, e.g., Lodged Doc. 2.[6] However, neither in state court nor in this court has petitioner challenged the voluntariness of his plea or provided *any* facts that might be liberally construed as a challenge to the voluntariness of the plea.

Any such claim would be unexhausted. Moreover, any such claim would be refuted by

---

[6] As his sole ground for relief in his first state habeas petition, petitioner stated, "Don't understand what was going on in court do [sic] to medication. That cost me not being myself. I have to see a doctor at medical health for bad medication." Id. No dates or details are provided, and there is no reference to the plea negotiations or petitioner's plea of no contest.

the record of the plea hearing. The superior court judge conducted a thorough plea colloquy. Petitioner expressly waived his trial rights, including the ability to challenge the evidence against him. ECF No. 20 at 23-25. He affirmatively expressed that his plea was voluntary, and affirmed his understanding of the proceedings despite taking prescribed medication. Id. at 26-28. Counsel affirmed the voluntariness of the plea and petitioner's competence to enter it. Id. at 29.

As the U.S. Supreme Court has explained,

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 572-74 (1989). Because petitioner's plea was counseled and there are no facts indicating it was involuntary, his collateral attack is foreclosed by the Tollett doctrine.

## MOTION TO VACATE CONVICTIONS

In his self-styled "Motion to Vacate Convictions," ECF No. 35, petitioner asserts for the first time that he received ineffective assistance of counsel in relation to his plea. This motion is not authorized by the Federal Rules or the statutes governing federal court review of state convictions. The only vehicle for seeking federal court relief from a state conviction is a habeas petition under 28 U.S.C. § 2254. The court will therefore construe this filing as a motion to amend the instant habeas petition to add a claim of ineffective assistance of counsel. So construed, it should be denied.

Plaintiff asserts as follows:

> [Trial counsel] Joshua Kaizuka. . . rendered ineffective assistance of counsel inasmuch as he failed to discuss the facts of the cases with Tito Thomas, failed to conduct investigation which could have led to exculpatory evidence, and failed to investigate the restitution amount. Moreover, the attorney was unprofessional and left Mr. Thomas with the feeling of no choice but to accept an offer or "go to prison" These failures to render effective assistance of counsel resulted in a plea of no contest without proper advisement and have resulted in the following prejudice; if Tito Thomas had been

>       effectively represented a more favorable outcome may have been achieved.

ECF No. 35 at 1.

The proposed amendment is futile, for several reasons. First, the claim appears to be unexhausted. Petitioner cannot obtain federal habeas relief on an unexhausted claim. 28 U.S.C. § 2254(b)(1).

Second, the claim is untimely. A one-year limitations period applies to applications for federal habeas relief. 28 U.S.C. § 2244(d)(1). Even if petitioner's various state court filings tolled the running of the statute of limitations pursuant to § 2254(d)(2), there is no tolling during the pendency of this federal action. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Well over one year has passed since conclusion of petitioner's various state court proceedings. Accordingly, the proposed amendment is time-barred unless petitioner's new claim "relates back" to the timely-filed federal petition. See Mayle v. Felix, 545 U.S. 644, 654-55 (2005). In order for claims to relate back, they must be "tied to a common core of operative facts." Id. at 664. Simply arising out of the same "trial, conviction, or sentence" is insufficient. Id. A claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. The facts asserted in support of petitioner's new claim – that counsel did not want to hear petitioner's version of the facts, failed to investigate the charges, pressured petitioner to plead no contest, and failed to investigate whether the restitution amount was proper – differ in time and type from those asserted in the amended petition. Accordingly, the claim does not relate back.

Finally, even if petitioner were able to overcome these procedural defects, his claim is meritless. To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). Prejudice means that the error actually had an adverse effect on the defense. There must be a reasonable probability that, but for counsel's

7

1   errors, the result of the proceeding would have been different. Id. at 693-94. Petitioner's
2   allegations that counsel "never spent any meaningful time in discussion with Mr. Thomas" and
3   "just kept telling [petitioner] the case 'looked bad' and that he needed to plead guilty otherwise he
4   was 'going to prison," ECF No. 35 at 3, accepted as true, do not establish objectively
5   unreasonable performance.

6       Petitioner does not identify any exculpatory evidence that would have been discovered by
7   reasonable investigation. Nor does petitioner specify how his restitution amount was improper,
8   what information related to restitution counsel failed to discover, or how the result would have
9   been different. It is not enough for petitioner to declare that he would not have entered into the
10  plea bargain if he had not been pressured. Without facts demonstrating unreasonable
11  performance, and the likelihood of a more favorable result had counsel done something specific
12  differently, the claim must be summarily denied. See James v. Borg, 24 F.3d 20, 26 (9th Cir.
13  1994) ("[c]onclusory allegations which are not supported by a statement of specific facts do not
14  warrant habeas relief."); Hendricks v. Calderon, 70 F.3d 1032, 1042 (1995) ("Absent an account
15  of what beneficial evidence investigation into any of these issues would have turned up,
16  [petitioner] cannot meet the prejudice prong of the Strickland test.").

17      For all these reasons, petitioner's belated attempt to add an ineffective assistance of
18  counsel claim should be rejected.

19  SUMMARY

20      By pleading no contest, petitioner gave up the right to challenge his conviction on the
21  grounds stated in the petition. After a no contest or guilty plea, the only possible challenge is to
22  the voluntariness of the plea. Petitioner has not presented any facts showing that his plea was not
23  voluntary, and the record shows that it was voluntary. The petition also does not include any
24  facts showing that petitioner accepted the plea deal because his lawyer gave him bad advice, let
25  alone advice so bad that it violated the Sixth Amendment right to counsel and made the plea
26  involuntary. Because the grounds for relief stated in the habeas petition are all barred by
27  petitioner's plea, the petition should be denied.

28      Petitioner's Motion to Vacate Convictions should be treated as a motion to amend the

petition to add a claim of ineffective assistance of counsel.  Claims must be presented to the California Supreme Court before they are presented to the federal court, and petitioner does not appear to have done this.  Also, the claim is filed too late.  Lastly, it must be rejected in any case because petitioner has not explained what evidence his lawyer failed to discover that would have led to a better result.

CONCLUSION

For all the reasons explained above, IT IS HEREBY RECOMMENDED that:

(1) the petition for writ of habeas corpus be DENIED; and

(2) petitioner's Motion to Vacate Convictions, ECF No. 35, be construed as a motion to amend the petition, and DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 24, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE